UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-13-9251-MWF (JEMx)			Date:  January 9, 2014
Title:    Xingian Huang, et al. -v- Jonathan R. Dominguez, et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

         Deputy Clerk:                                   Court Reporter:
         Rita Sanchez                                   Not Reported

         Attorneys Present for Plaintiff:         Attorneys Present for Defendant:
         None Present                                 None Present

**Proceedings (In Chambers):**   ORDER REMANDING ACTION TO STATE COURT

      On August 15, 2013, Plaintiffs Xingian Huang and Qi Wang filed a Complaint against Defendants Jonathan R. Dominguez and Maria Janet Flores in the Los Angeles Superior Court.  (Docket No. 1-1).  On October 31, 2013, Defendant Flores removed the action to this Court.  (Case No. 13-8038-MWF (JEMx) Docket No. 1).  The jurisdictional allegations appeared to be defective and the Court *sua sponte* issued an Order to Show Cause re Jurisdiction, directing Defendant to respond no later than November 12, 2013.  (Case No. 13-8038-MWF (JEMx) Docket No. 3).  Defendant failed to respond by that deadline, and the Court remanded the action to state court on November 13, 2013.  (Case No. 13-8038-MWF (JEMx) Docket No. 4).

      On December 17, 2013, Defendant removed the same action a second time.  A party cannot remove a case twice based on the same grounds.  *See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) ("[A] second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction.").  Indeed, a second attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court."  *One Sylvan Road N. Assoc. v. Lark Int'l, Ltd.*, 889 F. Supp. 60, 64 (D. Conn. 1995).  Here, there has been no change in the nature of the case, and there have not been any subsequent pleadings or papers which might provide a basis for a second removal.  Accordingly, this second removal is wholly improper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-13-9251-MWF (JEMx)**     **Date:  January 9, 2014**
**Title:**     Xingian Huang, et al. -v- Jonathan R. Dominguez, et al.

Furthermore, the Court lacks subject matter jurisdiction over this action because the Complaint raises no substantial question of federal law.  *See K2 Am. Corp. v. Rolland Oil & Gas, LLC*, 653 F.3d 1024, 1032 (9th Cir. 2011).  Defendant asserts that 28 U.S.C § 1443(1) provides a basis for removability.  That section renders removable any action "[a]gainst any person who is denied or cannot enforce in [state court] a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the [state]."  28 U.S.C § 1443(1).  But Defendant presented no basis for her belief that California state courts will not allow her to present her federal civil rights defenses.  *See City of Greenwood v. Peacock*, 384 U.S. 808, 825, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966) ("It is not enough to support removal under [section] 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial . . . or that the defendant is unable to obtain a fair trial in a particular state court. . . . [T]he vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be ***clearly predicted*** by reason of the operation of a ***pervasive and explicit state or federal law*** that those rights will ***inevitably*** be denied by the very act of bringing the defendant to trial in the state court." (emphasis added) (citations omitted)).

Accordingly, the Court **REMANDS** the action to the Superior Court of the State of California for the County of Los Angeles.  The Court **ORDERS** the Clerk to treat this order, and its entry on the docket, as an entry of judgment.  Local Rule 58-6.

Ms. Flores, you are advised that any further attempts to remove this action to federal court may subject you to monetary sanctions or to a finding of contempt of court.

IT IS SO ORDERED.